943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Loretta MILLER, Plaintiff-Appellant,
v.
ZURICH AMERICAN LIFE INSURANCE COMPANY, a foreign
corporation, Defendant-Appellee.
 No. 90-1967.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Loretta Miller, appeals from the order of the district court granting summary judgment to defendant, Zurich American Life Insurance Company, and denying plaintiff's motion for summary judgment.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are unable to say that the district court erred in granting summary judgment to defendant.
 
 
 3
 As the reasons why judgment should be entered for defendant have been articulated by the district court, the issuance of a written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning set out by that court in its Memorandum Opinion and Order dated August 2, 1990.
 
 
 4
 ANN ALDRICH, District Judge, concurring.
 
 
 5
 I agree with the majority that the district court properly disposed of the plaintiff's claim, but the district court's opinion did not address the principle issued raised on appeal. Tyrone Miller, whose widow brought this case, applied for a life insurance policy and signed an application form which contained material misrepresentations regarding the state of his health. In resolving cross-motions for summary judgment in favor of the insurance company, which had rescinded the policy, the district court concluded that the material misrepresentations entitled the insurance company to avoid the policy. See M.S.A. § 24.12218(4), M.C.L. § 500.2218(4); Wiedmayer v. Midland Mutual Life Ins. Co., 324 N.W.2d 752, 754-55 (Mich.1982); In re Certified Question (Wickersham v. John Hancock Mutual Life Ins. Co.), 318 N.W.2d 456 (Mich.1982). In order to establish materiality, an insurance company officer submitted an affidavit discussing the details of Mr. Miller's case, and explaining why the company would not have issued the policy had it known the true condition of Mr. Miller's health. This affidavit was unopposed, and Mrs. Miller's cursory argument that it was somehow insufficient as a basis for granting summary judgment in favor of the insurance company is not persuasive.
 
 
 6
 I write separately because the district court did not address the primary argument upon which Mrs. Miller bases this appeal. Mr. Miller's insurance agent, George Crosby, testified during a deposition that he asked Mr. Miller all of the questions on the insurance application form and filled in the answers; Mr. Miller then signed the form. Crosby testified that he did not have "total recall" of Mr. Miller's answer to each particular question on the application form, but he stated that he asked the questions as they appeared on the form and accurately recorded Mr. Miller's responses. On appeal, Mrs. Miller relies on three Michigan cases which, she contends, teach that summary judgment is inappropriate where the insurance agent fills in the answers on the application form which is then merely signed by the applicant. Bendford v. National Life & Accident Ins. Co., 96 N.W.2d 113 (Mich.1959); Turner v. Mutual Benefit Health & Accident Association, 24 N.W.2d 534 (Mich.1946); Szlapa v. National Travelers Life Co., 233 N.W.2d 270 (Mich.App.1975). Mrs. Miller argues that whether Mr. Miller actually gave false answers, which the insurance agent might have failed to accurately record, is a jury question.
 
 
 7
 Mrs. Miller did not vigorously pursue this issue below, and arguably she has waived her right to raise it on appeal. In any case, I do not believe that the Michigan case law she cites would have compelled the district court to deny the insurance company's motion for summary judgment. First, Bendford and Turner were decided under a prior Michigan statute which permitted an insurance company to avoid a policy only if the claimant had both made material misrepresentations on the insurance application and intended to deceive the insurance company. Under current Michigan law, the insurance company must show only that the claimant provided false information which materially affected the insurance company's acceptance of the risk. Woodhall Industries v. Massachusetts Mutual Life Ins. Co., 483 F.2d 986, 989-90 (6th Cir.1973), cert. denied, 414 U.S. 1131 (1974). Moreover, in Turner the insurance agent did not ask the applicant the critical question (whether he had any physical deformities), but simply filled in "no" based on the agent's own observations; in fact, the claimant had a slight physical deformity. 24 N.W.2d at 539. In this case, by contrast, the undisputed evidence indicates that the insurance agent put every question to Mr. Miller before filling in the answer. In Szlapa, which was decided under current Michigan law, there was evidence suggesting that the insurance agents supplied incorrect responses in order to receive a commission, 233 N.W.2d at 272; in this case, there are no similar indications of impropriety by the agent.
 
 
 8
 Finally, even if Michigan courts would somehow agree to allow Mrs. Miller to proceed to trial, I conclude that the federal summary judgment standard would mandate affirming the district court. See Fed.R.Civ.P. 56; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476-81 (6th Cir.1989). I do not believe that "reasonable jurors could find by a preponderance of the evidence" that Mr. Miller had not provided material misrepresentations to the insurance company based on the speculative inferences suggested by Mrs. Miller. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation